

**Certified as a true copy and issued
as the mandate on Feb 03, 2025**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 10, 2025

No. 24-10005

Lyle W. Cayce
Clerk

---

Karen Ashley,

        *Plaintiff—Appellee,*

versus

Clay County,

        *Defendant—Appellant.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CV-13

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

### J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is REVERSED, we REVERSE the district court's order compelling arbitration insofar as it declined to address the County's motion to dismiss on the basis of governmental immunity under Texas law. We REMAND with instructions for the district court to resolve the issue of

governmental immunity as it pertains to the County's motion to dismiss before it rules on the motion to compel arbitration.

IT IS FURTHER ORDERED that each party to bear its own cost on appeal.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.